NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10033 |
| Plaintiff – Appellee, | D.C. No. 2:10-cr-268-HDM-PAL-1 |
| v. | |
| MARIO LATREVIOUS JOHNSON, AKA Mario Latrevious Johnston | MEMORANDUM* |
| Defendant – Appellant | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted February 15, 2012**
San Francisco, California

Before: ALARCÓN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for Maryland, sitting by designation.

Mario Latrevious Johnson ("Johnson") appeals from the district court's judgment of conviction on a single count of assault on a federal officer in violation of 18 U.S.C. § 111(a). He contends that the district court erroneously denied his request for a "self-defense" instruction. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On May 24, 2010, two FBI agents, Lawrence Wenko and T. Scott Hendricks, dressed in plainclothes, went to an apartment complex to serve a search warrant authorizing the seizure of a DNA sample from Johnson. When the two agents encountered Johnson, Agent Wenko displayed his FBI badge and stated "Mario, we're with the FBI. We have a Search Warrant for DNA for you." Agent Wenko, although dressed in plainclothes, was visibly carrying his service weapon, extra magazines, handcuffs, and a handheld radio that was emitting audible police traffic. Johnson stopped and asked, "What's this about?" Agent Wenko told Johnson why the agents were there and handed him a copy of the warrant. Johnson appeared to become agitated, used an expletive, and said that he would not comply with the warrant. Agent Hendricks then reached to grab Johnson. Johnson, in response, used his right hand to push the warrant into Agent Hendricks's face and struck Agent Hendricks on the right side of the face with his left fist.

This Court has recognized a defense to assaulting a federal agent where the

defendant fails to recognize that the agent was authorized to act in the manner which allegedly provoked the purported self-defense. *United States v. Morton*, 999 F.2d 435, 437 & n.1 (9th Cir. 1993). "The defense consists of (1) a mistake or lack of knowledge as to authority, (2) a reasonable belief that force was necessary to defend against an immediate use of unlawful force, and (3) the use of no more force than appeared reasonably necessary." *Id.* at 437-38.

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (U.S. 1988). A "mere scintilla" of such evidence is not sufficient to warrant a defense instruction, but the defendant is entitled to his proposed instruction even if the evidence "is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Thomas*, 612 F.3d 1107, 1121 (9th Cir. 2010) (internal quotation marks omitted).

At trial, Johnson requested a "self-defense" instruction, contending that there was evidence upon which the jury could rationally conclude that Johnson honestly mistook the FBI agent for an unauthorized assailant or otherwise did not know the agent was authorized to effect the search warrant, thus sustaining the defense of self-defense. *See United States v. Jackson*, 726 F.2d 1466, 1468 (9th Cir. 1984); *United States v. Brandon*, 633 F.2d 773, 778 (9th Cir. 1980). In particular, Johnson

sought to rely on the evidence that Agent Hendricks was in plainclothes and, unlike Agent Wenko, was not visibly carrying anything indicating his official status and had not personally identified himself as an agent.

The district court found that there was insufficient evidence to support the requested instruction, "even with the broad standard that the Court applies in granting a self-defense instruction." The judge noted the uncontroverted evidence showing that Johnson must have understood that the two men were law enforcement agents present for an official purpose. The record includes evidence that the FBI agents arrived together, that Agent Wenko identified both men[1] as FBI agents there to serve the warrant, and that Johnson took the warrant, appeared to read the warrant, and declared that he was not going to comply with the warrant before he struck the agent.

We review for abuse of discretion the district court's determination that a defendant failed to establish a factual foundation to support a jury instruction on self-defense. *United States v. Urena*, 659 F.3d 903, 906 (9th Cir. 2011). On the trial record, there was no more than a mere scintilla of evidence, if any at all, to support the theory that Johnson honestly mistook Hendricks for an unauthorized

---

[1] Agent Wenko said: "*We're* with the FBI. *We* have a Search Warrant for DNA for you." (Emphasis added).

assailant or otherwise did not know Hendricks was authorized to effect the search warrant. Accordingly, we hold that the district court did not abuse its discretion in denying a jury instruction on self-defense.

**AFFIRMED.**